UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA MARIE WOODS,

        Plaintiff,                Civil Action No. 2:14-10995
v.                                 HONORABLE GEORGE CARAM STEEH

MIKE YOUNG, et. al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Lisa Marie Woods' *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a state prisoner currently confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan. For the reasons stated below, the complaint is **DISMISSED WITHOUT PREJUDICE.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

-1-

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff claims that she was on parole for the offense of assault with intent to commit murder. Plaintiff contends that defendant Young had been her fiancee and had the same name as the victim in the assault with intent to commit murder case. Although not clearly alleged, it appears that a condition of plaintiff's parole was that she have no contact with the victim from her assault with intent to commit murder case. Plaintiff claims that defendant Young falsely represented to defendant Tracu Knight-Carreker, plaintiff's parole officer, that he was the Mike Young who had been the victim in plaintiff's criminal case. Plaintiff claims that the defendants conspired to revoke her parole, which lead to her reincarceration. Plaintiff seeks monetary damages and declaratory relief.

### IV.  Discussion

Plaintiff's complaint is subject to dismissal for several reasons.

First, to the extent that plaintiff seeks monetary damages arising from the revocation of her parole, she would be unable to obtain such damages absent a showing that her parole revocation had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The holding in *Heck* "applies to proceedings that call into question the fact or duration of parole or probation." *Noel v. Grzesiak*. 96 Fed. Appx. 353, 354 (6th Cir. 2004)(*quoting Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)). Because plaintiff does not allege that her parole revocation has been overturned, expunged, or called into question by a writ of habeas corpus, her allegations relating to her parole revocation and subsequent incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See e.g. Norwood v. Michigan Department of Corrections,* 67 Fed. Appx. 286, 287 (6th Cir. 2003). Moreover, although defendant Young is a private party not acting under color of state law, the holding in *Heck* would nonetheless bar a civil rights action against him because plaintiff's allegations call into question her continued incarceration. *See Lyle v. Jackson,* 49 Fed. Appx. 492, 494 (6th Cir. 2002).

To the extent that plaintiff is seeking to have her parole revocation vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment

-3-

and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If a prisoner claims to be entitled to probation, bond, or parole, his or her proper route for relief is to file a petition for writ of habeas corpus rather than a civil rights suit. *See Graham v. Broglin*, 922 F. 2d 379, 381 (7th Cir. 1991). A petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is therefore the proper avenue for plaintiff to challenge the revocation of her parole. *See Norwood,* 67 Fed. Appx. at 288.

     To the extent that plaintiff is seeking to be released from custody, her action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983. This Court will not, however, convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.* This Court cannot treat plaintiff's complaint as an application for habeas corpus relief because the Court has no information that the plaintiff has exhausted her state court remedies, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *Parker v. Phillips,* 27 Fed. Appx. 491, 494 (6th Cir. 2001). Moreover, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his or her conviction or sentence is later invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Therefore, because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *See e.g. Finley v. Densford,* 90 Fed. Appx. 137, 138 (6th Cir. 2004).

## V.  ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE.**

Dated:  March 14, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 14, 2014, by electronic and/or ordinary mail and also on Lisa Woods #771835, Huron Valley Complex - Womens 3201 Bemis Road, Ypsilanti, MI 48197.

s/Barbara Radke
Deputy Clerk

---